SEALED

FILED

NOV 1 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

THYBERGLAW
GREGORY A. THYBERG SBN102132
PETER G. THYBERG SBN278271
8789 AUBURN FOLSOM RD., SUITE C337
GRANITE BAY, CALIFORNIA 95746
TEL: (916) 204-9173
greg@thyberglaw.com

ATTORNEYS FOR PLAINTIFF, ADELINE JOHNSON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

2:13-CV-2277 KJM CKD

| | |
|---|---|
| UNITED STATES OF AMERICA: *ex rel.* ADELINE JOHNSON<br><br>Plaintiffs,<br>vs.<br><br>WAL-MART STORES, INC., a corporation and DOES 1-100<br><br>Defendant | Civil Action No.__________<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br>**DO NOT ENTER ON PACER** |

**FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. Introduction

1. Adeline Johnson (the "relator") brings this action on behalf of the United States of America against defendant Wal-Mart Stores, Inc. ("WALMART") for treble damages and civil penalties arising from WALMART'S false statements and false claims in violation of the Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq.* The violations arise out

of the redemption of unused portions of food vouchers provided to beneficiaries of the Women, Infants, and Children ("WIC") Food Assistance Program run by the United States Department of Agriculture.

2. As required by the False Claims Act, 31 U.S.C. § 3730(b)(2), the relator has provided to the Attorney General of the United States and to the United States Attorney for the Eastern District of California a statement of all material evidence and information related to the complaint. This disclosure statement is supported by material evidence known to the relator at her filing establishing the existence of WALMART'S false claims. Because the statement includes attorney-client communications and work product of relator's attorneys, and is submitted to the Attorney General and to the United States Attorney in their capacity as potential co-counsel in the litigation, the relator understands this disclosure to be confidential.

**Jurisdiction and Venue**

3. This action arises under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), because the acts proscribed by 31 U.S.C. §§ 3729 *et seq.* and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. § 1391(b) and (c), because at all times material and relevant, WALMART transacts and transacted business in this District.

**Parties**

5. Relator Adeline Johnson ("JOHNSON") is a citizen of the United States and a resident of the State of California. From August 2007 to September 24, 2013, relator worked for WALMART. From 2010 until her termination in September 2013, JOHNSON was an overnight casher for WALMART in West Sacramento. The relator brings this action based on her direct, independent, and personal knowledge and also on information and belief.

6. The United States (U.S.), through the Department of Agriculture ("USDA"), administers the Women Infants and Children ("WIC") food assistance program.

7. The WIC programs are federally funded food assistance programs systems for women infants and children who qualify for assistance. The USDA has delegated the administration of the WIC program to state agencies. The state agencies are also responsible for investigating WIC fraud and abuse.

8. Defendant Wal-Mart Stores, Inc. ("WALMART") is a Fortune 500 company that provides grocery retail services to consumers across the United States. The Federal Government has authorized WALMART to accept and redeem WIC food vouchers.

**Facts Common to All Counts**

A. Background

9. The WIC voucher program provides vouchers to beneficiaries, who are then able to use the vouchers to purchase qualified food products. WIC beneficiaries go to authorized WIC grocers, such as WALMART, and redeem their vouchers. The vouchers have various preset "cash" values.

10. A WIC voucher is similar to a pre-written check, in that it is a piece of paper that has a designated amount on it. The WIC vouchers can only be used for certain food products, including whole foods, grain, meat, dairy, fruit, and vegetables. When a purchase is made using a WIC voucher, the voucher is run through the cash register as if it were a standard check, where the transaction total is printed on the back of the voucher. The amount on the back of the check must match the front of the check in order for a valid payment to be made.

11. If the WIC beneficiary does not purchase enough qualified groceries to use the full amount of the voucher, the WIC beneficiary and the clerk need to write in the actual amount spent and sign the voucher to confirm that a lesser amount was used. If a lesser amount was used, the store is only entitled to the funds used, with the remaining balance of government funds going unused. The lesser amount on the front of the voucher will need to match the number printed by the register on the back.

B. Wrongful Acts by Defendant

12. In 2012 JOHNSON was unable to work, and went off work on disability for almost a year. Upon JOHNSON's return from her disability leave, she returned to work at the West Sacramento WALMART and processed WIC vouchers pursuant to the program's requirements. JOHNSON's daughter uses WIC, and JOHNSON is her daughter's personal representative. As her daughter's personal representative, JOHNSON is familiar with WIC's voucher program rules.

13. WALMART management was requiring its employees to redeem the entire WIC voucher amount even when the beneficiary did not use the entire amount on the voucher.

This was a new policy that had been implemented at this WALMART while plaintiff was off on disability leave. The West Sacramento WALMART was in financial trouble as it had an operating loss in excess of $1 million for the past two years.

14. Once management realized that Ms. Johnson was not making false claims for the full WIC voucher payment, they required her to redeem the full amount of vouchers. For example Ms. Johnson was told to redeem the full $6 value of a voucher, when only $4.85 was used. Ms. Johnson's assistant managers told her that she needed to redeem the full amount, even when the amount purchased was less. Ms. Johnson told management that this was fraud and that she refused to do it. Ms. Johnson was then written up for refusing to engage in the fraud.

15. When making the false redemptions, the employee was required to take the voucher without having the beneficiary input a lesser amount, allowing the full redemption to occur. In doing this fraud, the total amount of groceries purchased on the back of the voucher would be less than the unadjusted face value redeemed for payment.

16. These fraudulent WIC redemptions were widespread at WALMART. At JOHNSON's store there are approximately 1,000 WIC transactions per day, many of which were fraudulent. This could be a company wide issue with WALMART, with poorly performing stores in particular.

17. JOHNSON was terminated on September 24, 2013. JOHNSON is informed and believes that her termination was motivated by her refusing to engage in the WIC fraud.

**Count I**

***Presentation of a False or Fraudulent Claim U.S.C.A. §3729(a)(1)(A)***

18. Relator re-alleges and incorporates the allegations of paragraphs 1–17 as if fully set forth herein.

19. WALMART knowingly falsely presented or caused to be presented for payment or approval a claim that is false or fraudulent.

20. WALMART represented that the full value of the WIC vouchers were used for food products covered by the program. This was done to get false or fraudulent claims paid by the U.S. government under WIC.

21. WALMART knowingly falsely represented that the WIC program beneficiary used the voucher's full value for qualified food products when WALMART sought payment.

22. WALMART made these misrepresentations to obtain the payment of funds to which they would otherwise not have been entitled.

23. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

24. The U.S. Government, unaware of the falsity of the claims and/or statements, and in reliance on the accuracy thereof, was damaged to the extent that these funds paid for unused portions of the vouchers.

**Count II**

***Use of a False or Fraudulent Statement or Record U.S.C.A. §3729(a)(1)(B)***

25. Relator re-alleges and incorporates the allegations of paragraphs 1–24 as if fully set forth herein.

26. WALMART knowingly made, used, or verified a false record or statement that was material to the false or fraudulent claim.

27. WALMART used fraudulent statements and billing records to get the U.S. government to pay for unused portions of WIC vouchers.

28. This course of conduct violated the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

29. The U.S. Government, unaware of the falsity of the claims and/or statements, and in reliance on the accuracy thereof, was damaged to the extent that these funds paid for unused portions of vouchers.

**Count III**

***Failure to Reimburse Money Wrongfully Paid and Owed 31 U.S.C.A. §3729(a)(1)(G)***

30. Relator re-alleges and incorporates the allegations of paragraphs 1-29 as if fully set forth herein.

31. Through the acts described above, WALMART knowingly made, used or caused to be made or used a false record or statement that is material to an obligation to pay or transmit money or property to the government.

32. WALMART also knowingly concealed or knowingly or improperly avoided or decreased an obligation to pay or transmit money or property to the United States. This was all in violation of 31 U.S.C.A. §3729(a)(1)(G).

33. As a result of these "reverse" false claims, the United States has been damages and continues to be damaged in an amount yet to be determined.

**Count IV**

***Conspiracy to Submit False Claims 31. U.S.C.A. §3729(a)(1)(C)***

34. Relator re-alleges and incorporates the allegations of paragraphs 1–33 as if fully set forth herein.

35. Defendants combined, conspired, and agreed together to defraud the United States by knowingly submitting false claims to the United States and to its grantees for the purpose of getting the false or fraudulent claims paid or allowed and committed the other overt acts set forth above in furtherance of that conspiracy, all in violation of 31 U.S.C. § 3729(a)(1)(C), causing damage to the United States.

**Count V**

***Retaliation in Violation of 31 U.S.C. § 3730(h)***

36. Relator re-alleges and incorporates the allegations of paragraphs 1–35 as if fully set forth herein.

37. On September 24, 2013, *qui tam* plaintiff JOHNSON was terminated in her employment by WALMART as a result of her lawful acts done in furtherance of this action, including complaints to management regarding the false claims described herein. JOHNSON'S termination was in violation of 31 U.S.C. § 3730(h).

38. As a direct and proximate result of this unlawful termination, JOHNSON has suffered emotional pain and mental anguish, together with serious economic hardship, including lost wages and special damages associated with her efforts to obtain alternative employment, in an amount to be proven at trial.

WHEREFORE, relator respectfully requests this Court to enter judgment against defendants, as follows:

(a) That the U.S. be awarded damages in the amount of three times the damages sustained by the U.S. because of the false claims and fraud alleged within this

Complaint, as the Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq.* provides;

(b) That civil penalties of $11,000 be imposed for each and every false claim that defendant presented to the U.S. and/or its grantees;

(c) That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses, which the relator necessarily incurred in bringing and pressing this case;

(d) That the Court grant permanent injunctive relief to prevent any recurrence of the False Claims Act for which redress is sought in this Complaint;

(e) That the relator be awarded the maximum amount allowed to her pursuant the False Claims Act; and

(f) For Count V, that relator be granted all relief necessary to make her whole, including but not limited to two times her back pay and other compensatory damages sustained as a result of defendants' harassment and retaliation; and

(g) That this Court award such other and further relief as it deems proper.

**DEMAND FOR JURY TRIAL**

Relator, on behalf of herself and the United States, demands a jury trial on all claims alleged herein.

DATED: October 31, 2013

THYBERGLAW

GREGORY A. THYBERG
PETER G. THYBERG
Attorneys for Plaintiffs