UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ADELINE JOHNSON,<br><br>  Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC., et al.,<br><br>  Defendants. | No.  2:13-cv-2277 KJM-CKD<br><br>ORDER |

On December 5, 2015, the United States ("Government Party") filed a notice to decline intervention.  ECF No. 17.  Although the Government Party declined to intervene, it requested the following: (1) relator-plaintiff Adeline Johnson maintain the action in the name of the United States, provided however, that the action be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting; (2) the court provide the United States with notice and an opportunity be heard if it objects to a settlement or dismissal of the action; (3) all pleadings filed in this action be served on the United States; (4) orders issued by the court be sent to the United States' counsel; (5) the court recognize the Government Party's right to order any deposition transcripts, to intervene in this action for good cause at a later date, and to seek dismissal of the relator's action or claim; (6) the Government Party be served with all notices of appeal; and (7) the relator's complaint, the notice

1

of the decision to decline intervention, and the attached proposed order be unsealed, and that remaining papers on file in this action remain sealed. *Id.*

As will be explained below, the court GRANTS the requests IN PART.

I.  BACKGROUND

On November 1, 2013, Adeline Johnson ("relator" or "plaintiff-relator") filed the complaint in this action on behalf of the United States. ECF No. 1. Plaintiff-relator brought claims against Wal-Mart for allegedly making false claims to a government agency in violation of the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729, *et seq. Id.* That same day, plaintiff-relator filed a motion to seal the matter under 31 U.S.C. § 3730(b)(2). ECF No. 2. The court granted the relator's motion, as required by statute. ECF No. 3. The matter was ordered to be sealed for an initial period of 90 days, subject to the plaintiff-relator's renewed motion. ECF No. 3. On January 29, 2014, the United States filed a motion to extend the time on the seal in order to decide whether to intervene in this matter. ECF No. 4. The court granted the motion. ECF No. 5. On August 14, the United States filed a second extension request. ECF No. 6. The court granted the motion, noting no further extensions of time would be granted without a strong showing of good cause. *Id.* On February 4, 2015, the United States filed its third extension request. ECF No. 9. The court granted the extension, noting a further extension request would require a "detailed explanation." ECF No. 10.

On April 29, 2015, the United States moved the court to partially lift the seal, to serve a copy of the complaint on defendant Wal-Mart. ECF No. 12. The court granted this motion, while all other filings remained under seal. ECF No. 13. The United States filed its fourth extension request on August 3, 2015. ECF No. 14. The court granted this request, noting this was the final extension the court would approve. ECF No. 15. On December 5, 2015, the United States filed a notice that it would not intervene in this matter at this time. ECF No. 17.

II.  LEGAL STANDARD

Generally in a *qui tam* action, "lifting the seal on the entire record is appropriate unless the government shows that such disclosure would (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties.

2

1  *U.S. ex rel. Lee v. Horizon West, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2 (N.D. Cal.
2  Feb. 8, 2006). "[I]f the documents simply describe routine or general investigative procedures,
3  without implicating specific people or providing substantive details, then the Government may
4  not resist disclosure." *Id.*; *see United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y.
5  1995). The court should also consider the public's interest in light of the fundamental principle
6  that court records are generally open to the public. *United States ex rel. Costa v. Baker & Taylor,*
7  *Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

8  III.     DISCUSSION

9        Here, the Government Party requests the court unseal the relator's complaint, the
10  notice of election to decline intervention, and its proposed order. ECF No. 17. The Government
11  Party requests all other documents remain under seal because "in discussing the content and
12  extent of the United States' investigation, such papers are provided by law to the Court alone for
13  the sole purpose of evaluating whether the seal and time for making an election to intervene
14  should be extended." *Id.*

15        The Government Party has not provided an explanation of how disclosure of the
16  investigative materials would be harmful to any interest. Such harm is not clear from the court's
17  own review of the docket of the case. The Government Party has not suggested any
18  governmental privilege, or any harm to ongoing investigations. *See Lee*, 2006 WL 305966, at *3.
19  The documents that the Government Party requests remain under seal do not implicate specific
20  people, provide meaningfully substantive details of the investigation, or reveal any attorney
21  thought processes. Given the general nature of these documents, the court tentatively finds it
22  unnecessary for any part of the case docket to remain sealed. Any party, however, may show
23  cause if any as to why the balance of the documents of record in this action should not be
24  unsealed.

25        Accordingly, IT IS HEREBY ORDERED that:
26      (1) Relator-plaintiff shall proceed with this action on behalf of the United
27          States.
28  /////

  (2) The original complaint, this order, and the notice of election to decline intervention be unsealed, and plaintiff-relators will serve these documents upon the defendants.

  (3) The seal be lifted as to all other matters occurring in this action after the date of this order;

  (4) The parties shall hereafter serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3).  The United States may order any deposition transcripts and is entitled to intervene in this action, for good cause, at any time;

  (5) The parties shall serve all notices of appeal upon the United States.

  (6) The Clerk of Court is directed to serve all orders of this court on the United States;

  (7) Should the relator or any defendant propose that this action be dismissed, settled, or otherwise discontinued, the court will provide the United States with notice and an opportunity to be heard before ruling or granting its approval; and

  (8) Within fourteen (14) days of the filed date of this order, any party may SHOW CAUSE, if any there is, as to why the balance of the documents of record in this action should not be unsealed.

 IT IS SO ORDERED.

DATED: January 11, 2016.

             _____
             UNITED STATES DISTRICT JUDGE