UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ADELINE JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>Defendants. | No. 2:13-cv-2277-KJM-CKD<br><br>ORDER |

        On November 1, 2013, Adeline Johnson (relator) filed a complaint in this action on behalf of the United States under the federal False Claims Act (FCA), 31 U.S.C. §§ 3729, *et seq.* The complaint alleges defendant Wal-Mart made false claims to a government agency. ECF No. 1. After several rounds of ex parte applications to extend sealing by the United States, which were granted, this court ordered the case partially unsealed on January 12, 2016, Order, ECF No. 18, following the United States' notice that it declined to intervene in the action, ECF No. 17. The court also ordered the parties to show cause, if any, "as to why the balance of the documents of record in this action should not be unsealed," within fourteen (14) days of the date of the order. ECF No. 18 at 3. The United States timely responded. Resp., ECF No. 19. Wal-Mart did not respond but filed an opposition to the United States' response after the fourteen days. Opp'n, ECF No. 22. The United States subsequently replied to the opposition. Reply,

ECF No. 25.  As the two latter filings were made after the fourteen-day deadline without seeking leave of court, the court disregards them.  As explained below, this court finds lifting of the seal on the balance of the action is warranted.

The FCA expressly provides for the sealing and unsealing of the complaint, but not for other documents filed in an action such as this.  31 U.S.C. § 3730(b)(2) ("The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.").  Federal courts examining the sealing issue have determined that courts have the authority under the FCA to maintain the seal over other filed documents or to unseal them.  *See, e.g.*, *U.S. ex rel. Howard v. Lockheed Martin Corp.*, No. 99-285, 2007 WL 1513999, at *2 (S.D. Ohio May 22, 2007); *U.S. ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006); *U.S. ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004).  This court has agreed that resolving the sealing/unsealing question is one of discretion.  *See, e.g., United States v. Ctr. for Emp't Training*, No. 13-01697, 2016 WL 561774, at *2 (E.D. Cal. Feb. 12, 2016).

The undersigned has repeatedly emphasized the strong presumption in favor of public access to court records, and the heavy burdens parties seeking to seal documents must meet, echoing the Ninth Circuit's holding in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  *See, e.g.*, *Welenco, Inc. v. Corbell*, ___ F.3d ___, 2015 WL 5026190, at *6 (E.D. Cal. Aug. 25, 2015); *Gregory v. City of Vallejo*, No. 13- 00320, 2014 WL 4187365, at *2 (E.D. Cal. Aug. 21, 2014).  Specifically in FCA cases, this court has found it appropriate to deny a motion to unseal the file if unsealing would disclose confidential investigative techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties.  Order at 3 (citing *U.S. ex rel. Lee v. Horizon West, Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb 8, 2006)).

The United States asks this court to maintain the seal on the requests to extend the seal it filed at various points during its investigation of the case.  Resp. at 1.  The United States raises five arguments in support of its position: (1) the FCA only explicitly provides for the unsealing of relator's complaint; (2) the United States' last two extension requests provided

2

detailed information regarding its investigation, in response to this court's requirement of a "strong showing of good cause" and "a detailed explanation"; (3) the United States would find itself unable to adhere to this court's standard for extension requests in the future and in other cases; (4) the United States' investigation is ongoing; and (5) no party or any member of the public has made a showing that there is a legitimate need for the disclosure of the sealed records. *See generally* Resp.  This court addresses each argument in turn below.

First, while the FCA only explicitly provides for the unsealing of relator's complaint, federal courts have stated that in permitting in camera submissions, the FCA necessarily vests the court with the authority to either maintain the filings under seal, or to later make them available to the parties and the public.

Second, this court is not persuaded that any of the memoranda or declarations filed in support of the extension requests provide sufficiently detailed information to warrant sealing, as they "simply describe routine or general investigative procedures," and do not "implicat[e] specific people or provid[e] substantive details."  *Lee*, 2006 WL 305966, at *2.

In response to the United States' third and fourth arguments, if the extension requests did contain meaningfully details concerning the United States' investigation such that real harm would occur upon disclosure, this court would be justified in maintaining the seal.

Lastly, this court has previously addressed, in another *qui tam* action, the United States' argument that the public or a party needs to make a threshold showing for unsealing of the extension requests to occur.  In that prior case, the court found

> such a conclusion would upend the strong presumption of public access to court records, which affords only limited exceptions. Moreover, the Ninth Circuit case cited by the Government Parties is not consistent with their conclusion.  *See United States v. Kaczynski*, 154 F.3d 930 (9th Cir. 1998).  That case, and the document at issue, involved a "psychiatric report," which included "private information or ha[d] the potential to embarrass person[s] not before court," with portions implicating the criminal defendant's privacy interests.  *Id.* at 932.  While in *Kaczynski* a media entity initiated a request for the report, the case does not stand for the proposition that unsealing can only occur when requested by a third

/////

/////

3

party. In the *qui tam* context, in particular, in which entire dockets are sealed initially by operation of statute, the public often cannot know whether or what is under seal so as to initiate an unsealing request.

*Ctr. for Emp't Training*, 2016 WL 561774, at *3.

The court concludes that lifting the seal on the balance of the case is warranted. The Clerk of the Court is directed to UNSEAL the case in its entirety. The untimely filings made by the parties, ECF Nos. 22, 25, are DISREGARDED. The order to show cause, ECF No. 18, is DISCHARGED. This order resolves ECF No. 19.

IT IS SO ORDERED.

DATED: March 9, 2016.

_____
UNITED STATES DISTRICT JUDGE